UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KAREN STRIPLING,

    Plaintiff,

v.                                         Case No.  5:20-cv-94-RH/MJF

JACKSON COUNTY
SHERIFF'S OFFICE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders, including an order to file a complaint.[1]

### I. BACKGROUND

Plaintiff, proceeding *pro se*, commenced this action by filing a motion for a writ of injunction. (Doc. 1). Plaintiff simultaneously filed a motion for leave to proceed *in*

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

*forma pauperis*. (Doc. 2). On April 28, 2020, the undersigned advised Plaintiff that she could not commence a lawsuit with a motion. (Doc. 5 at 1-2). The undersigned ordered Plaintiff to file a complaint or a notice of voluntary dismissal. (*Id.* at 3). The undersigned provided Plaintiff until May 19, 2020, to comply. The undersigned warned Plaintiff that failure to comply with the court's order likely would result in dismissal of this action. (*Id.*). Plaintiff did not comply with that order.

Additionally, the undersigned determined that Plaintiff's motion for leave to proceed *in forma pauperis* failed to provide sufficient information for the court to determine whether the motion had merit. (Doc. 6). The undersigned denied the motion without prejudice and directed Plaintiff to pay the $400.00 filing fee. (*Id.*). The undersigned imposed a compliance deadline of May 19, 2020. (*Id.*). Plaintiff did not comply with that order.[2]

On August 4, 2020, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for: (1) failure to comply with a court order; (2) failure to pay the filing fee; and (3) failure to prosecute. (Doc. 14). The undersigned provided Plaintiff until August 25, 2020, to comply. The undersigned warned Plaintiff that failure to comply with the court's order likely would result in dismissal of this action.

---

[2] Plaintiff sought to prosecute this action in the United States Court of Appeals for the Eleventh Circuit. (Docs. 8, 9). The Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. 13).

As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order to pay the filing fee or file a complaint.

## II. DISCUSSION

The undersigned recommends that this action be dismissed in light of Plaintiff's failure to pay the filing fee and her failure to comply with two court orders.

**A.     Failure to Pay the Filing Fee**

Rule 5.3 of the Local Rules for the Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Rule 41.1 of the Local Rules of the United States District Court for the Northern District of Florida provides that the court may dismiss a claim if a party fails to comply with an applicable rule or court order.

Here, Plaintiff's motion for leave to proceed *in forma pauperis* was denied without prejudice. (Doc. 6). The undersigned directed Plaintiff to pay the filing fee in accordance with the Local Rules for the Northern District of Florida. The undersigned specifically warned Plaintiff that her failure to do so likely would result in dismissal. Plaintiff failed to pay the filing fee or submit a fully completed motion to proceed *in forma pauperis*. Despite the undersigned issuing an order to show cause, Plaintiff did not show cause for her failure to pay the filing fee or seek an extension of time to comply with the undersigned's order. Thus, pursuant to 28 U.S.C. § 1914 and the Local Rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

**B.** **Failure to Comply with Two Court Orders**

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this civil action.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556

F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)  The duration of Plaintiff's failure to comply.** On April 28, 2020, the undersigned directed Plaintiff to file a complaint or notice of voluntary dismissal by May 19, 2020. (Doc. 5). On April 28, 2020, the undersigned also directed Plaintiff to pay the $400.00 filing fee. (Doc. 6). The undersigned imposed a deadline of May 19, 2020, to comply. Thus, Plaintiff has failed to comply with those court orders since May 19, 2020.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

      a.      the order to file a complaint issued on April 28, 2020; and

      b.      the order to pay the filing fee issued on April 28, 2020.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff that failure to comply with the respective orders likely would result in dismissal of this action. (Docs. 5, 6, 14). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff likely will not suffer substantial prejudice from a dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff could refile her claim should she choose to pursue it in the future. Thus, dismissal without prejudice would not result in substantial prejudice to her.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of her civil action. Notably, Plaintiff has not actually "commenced" an action because she failed to file a complaint. (Docs. 1, 5). *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *see Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) (indicating that absent a properly filed complaint, a court lacks power to issue

preliminary injunctive relief: "injunctive relief must relate in some fashion to the relief requested in the complaint"); *see also*, *S.E.C. v. Ross*, 504 F.3d 1130, 1140-41 (9th Cir. 2007) (holding that naming an individual in a motion is not equivalent to filing a complaint and does not commence a civil action). The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6)  The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)  The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to file a complaint and pay the filing fee or file a satisfactory motion for leave to proceed *in forma pauperis*. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This civil action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and her failure to comply with two court orders.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 16th day of October, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**